John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Alejandro Marin (SBN 329185)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile:  310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*alejandro@kristensenlaw.com*

***Attorneys for Plaintiff***

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CRISTINA HOLANDEZ, an individual, | ) Case No. |
| | ) |
| Plaintiff, | ) **COLLECTIVE ACTION** |
| | ) |
| vs. | ) **COMPLAINT FOR DAMAGES** |
| | ) |
| ENTERTAINMENT, LLC dba ANGEL'S CABARET, a California limited liability company; CHRISTINA DJURKICKOVIC, an individual; DRAGOSLAV DJURKICKOVIC, an individual; DOE MANAGERS 1- 3; and DOES 4-10, inclusive, | ) **1. Failure to Pay Minimum Wage, 29 U.S.C. § 206;** |
| | ) **2. Unlawful Taking of Tips, 29 U.S.C. § 203;** |
| | ) **3. Illegal Kickbacks, 29 C.F.R. § 531.35;** |
| | ) **4. Forced Tip Sharing, 29 C.F.R. § 531.35;** |
| Defendants. | ) **5. Failure to Pay Minimum Wage in Violation of Cal. *Lab. Code* §§ 1194 & 1197;** |
| | ) **6. Failure to Pay Overtime Wages in Violation of Cal. *Lab. Code* §§ 510, 1194, & 1197;** |
| | ) **7. Failure to Furnish Accurate Wage Statements, Cal. *Lab. Code* § 226;** |
| | ) **8. Waiting Time Penalties, Cal. *Lab. Code* §§ 201-203;** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

) 9. **Failure to Indemnify Business Expenses in Violation of Cal. *Lab. Code* § 2802;**
) 10. **Compelled Patronization of Employer and/or Other Persons in Violation of Cal. *Lab. Code* § 450;**
) 11. **Violation of Cal. *Lab. Code* §§ 350, *et seq.*; and**
) 12. **Unfair Competition in Violation of Cal. *Bus. & Prof. Code* §§ 17200, *et seq.***
)
) **DEMAND FOR JURY TRIAL**
)
)
)
)

Plaintiff Cristina Holandez alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

I.    **NATURE OF THE ACTION**

1.    Plaintiff alleges causes of action against defendants Entertainment, LLC dba Angel's Cabaret ("Defendant" or "Angel's Cabaret"), a California limited liability company, Christina Djurkickovic, Dragoslav Djurkickovic, Doe Managers 1-3, and Does 4-10, inclusive (collectively, "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and illegally absconding with Plaintiff's tips.

2.    As a result of Defendants' violations, Plaintiff seeks to recover all tips kept by her employer, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA.

3.    These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants within the last three years from the filing

1  of the demand for arbitration. During her time being employed by Defendants,

2  Plaintiff was denied minimum wage payments and denied overtime as part of

3  Defendants' scheme to classify Plaintiff and other dancers/entertainers as

4  "independent contractors."

5      4.      Plaintiff worked at Defendants' principal places of business located

6  at 3020 Coronado Street, Anaheim, California 92806 in the past three years.

7      5.      Defendants failed to pay Plaintiff's minimum wages and overtime

8  wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the

9  FLSA.

10      6.      Defendants' conduct violates the FLSA, which requires non-exempt

11  employees to be compensated for her overtime work at a rate of one and one-half

12  (1 ½) times her regular rate of pay. *See* 29 U.S.C. § 207(a).

13      7.      Furthermore, Defendants' practice of failing to pay tipped

14  employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage

15  provision. *See* 29 U.S.C. § 206.

16      8.      As a result of Defendants' violations, Plaintiff seeks to recover

17  double damages for failure to pay minimum wage, overtime liquidated damages,

18  interest, and attorneys' fees.

19  **II.    VENUE AND JURISDICTION**

20      9.      This Court has jurisdiction over the subject matter of this action

21  under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.SC. §§

22  201, *et seq*. Plaintiff's state law claims for relief are within the supplemental

23  jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

24      10.     Venue is proper in this District because all or a substantial portion of

25  the events forming the basis of this action occurred in this District. Defendants'

26  club is located in this District and Plaintiff worked in this District.

27      11.     Plaintiff has satisfied all conditions precedent, if any, to the filing of

28  this suit.

### III.    **PARTIES**

12.    Plaintiff was employed by Defendants and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

13.    Angel's Cabaret is a California limited liability company with its principal place of business located at 3020 Coronado Street, Anaheim, California 92806. At all times mentioned herein, Angel's Cabaret was an "employer" or "joint employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Angel's Cabaret may be served via its agent for service of process Aaron Fairchild, 19200 Von Karman Avenue, 5th Floor, Irvine, California 92612.

14.    Defendant Dragoslav Djurkickovic is an individual who resides in Orange County, California. He is the owner, controlling shareholder, and exerts day to day management over the defendant entity Angel's Cabaret through which he exerts operational and management control over Angel's Cabaret. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including Defendant Dragoslav Djurkickovic, as well as the other Defendants herein, refuse to pay dancers-entertainers minimum wage and earned overtime, by mischaracterizing them as "independent contractors." Dragoslav Djurkickovic, individually also exerts day to day management and operational control over Angel's Cabaret, and is frequently present at, and owns, directs, controls and manages the operations at the club. Defendant Dragoslav Djurkickovic is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act.

15.    Defendant Christina Djurkickovic is an individual who resides in Orange County, California. She is the owner, controlling shareholder, and exerts day to day management over the defendant entity Angel's Cabaret through which he exerts operational and management control over Angel's Cabaret. Pursuant to an across the board, corporate wide policy dictated and enforced by Defendants, including defendant Christina Djurkickovic, as well as the other Defendants

herein, refuse to pay dancers-entertainers minimum wage and earned overtime, by mischaracterizing them as "independent contractors." Christina Djurkickovic, individually also exerts day to day management and operational control over Angel's Cabaret, and is frequently present at, and owns, directs, controls and manages the operations at the club. Defendant Christina Djurkickovic is an "employer" or "joint employer" within the meaning of the Fair Labor Standards Act.

16.    DOE MANAGERS 1 to 3 are managers/owners who control the policies and enforce the policies related to employment at Angel's Cabaret.

17.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at her club engaged in commerce her club which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

18.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

19.    At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Angel's Cabaret as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

20.    The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE MANAGERS 1 through 3 and DOES 4 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Demand to show the true names and capacities when

the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

21.     Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

22.     Plaintiff is informed and believes that, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over her wage payments and control over her duties.

23.     Plaintiff is informed and believes that, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

24.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

///

///

## IV.  ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (Against All Defendants)

### A.  FACTUAL ALLEGATIONS

25.    Defendants operate an adult-oriented entertainment facility located at 3020 Coronado Street, Anaheim, California 92806. At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

26.    At most, if not all times during the four (4) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

27.    At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject club, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

28.    Plaintiff worked as a dancer for Defendants during the past three years.

29.    The primary duty of a dancer/entertainer is to dance and entertain customers, and give them a good experience. Specifically, a dancer/ entertainer performs stage and table dances, and entertains customers on an hourly basis.

30.    Stated differently, dancers/entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

31.    Plaintiff worked and performed at the adult-oriented entertainment facilities multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female dancers/ entertainers.

32.    Defendants did not pay dancers/ entertainers on an hourly basis.

33.    Defendants exercised significant control over Plaintiff during her shifts and would demand that Plaintiff work certain days and tell Plaintiff what

1    time she was permitted to leave.

2        34.    Defendants set prices for all VIP performances.

3        35.    Defendants set the daily cover charge for customers to enter the

4    facility and had complete control over which customers were allowed in the

5    facility.

6        36.    Defendants controlled music for Plaintiff's performances.

7        37.    Defendants controlled the means and manner in which Plaintiff

8    could perform.

9        38.    Defendants had the authority to suspend, fine, fire, or otherwise

10    discipline entertainers for non-compliance with her rules regarding dancing.

11        39.    Defendants actually suspended, fined, fired, or otherwise disciplined

12    entertainers for non-compliance with her rules regarding dancing.

13        40.    Although Defendants allowed dancers/entertainers to choose their

14    own costumes, Defendants reserved the right to decide what a particular

15    entertainer was allowed to wear on the premises.

16        41.    Plaintiff was compensated exclusively through tips from

17    Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for

18    any hours worked at their establishments.

19        42.    Defendants also required Plaintiff to share her tips with Defendants

20    and other non-service employees who do not customarily receive tips, including

21    the managers, disc jockeys, and the bouncers.

22        43.    Defendants are in violation of the FLSA's tipped-employee

23    compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a

24    tipped employee a minimum of $2.13 per hour. Defendants also violated 29

25    U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit

26    allowance (including the amount to be credited) before the credit was utilized.

27    That is, Defendants' exotic dancers/entertainers were never made aware of how

28    the tip credit allowance worked or what the amounts to be credited were.

Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that they divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

44.     Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures.

45.     Angel's Cabaret provided and paid for all advertising and marketing efforts undertaken on behalf of Angel's Cabaret.

46.     Angel's Cabaret paid for the buildings used by Angel's Cabaret, maintenance of the facility, the sound system, stages, lights, beverage and inventory used at the facility.

47.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

48.     Angel's Cabaret's opportunity for profit and loss far exceeded Plaintiffs' opportunity for profit and loss from work at Angel's Cabaret.

49.     Exotic dancing is an integral part of Angel's Cabaret's operations. Angel's Cabaret's advertising prominently displays exotic dancing for its customers. Angel's Cabaret is well known as a "strip club."

50.     Defendants need dancers/ entertainers to successfully and profitably operate the Angel's Cabaret business model.

51.     The position of dancer/entertainer requires no managerial skill of others.

52.     The position of dancer/entertainer requires little other skill or education, formal or otherwise.

53.     The only requirements to become an entertainer at Angel's Cabaret are "physical attributes" and the ability to dance seductively. Plaintiffs did not have a formal interview but instead were glanced over "up and down" and

1    participated in a brief audition by the manager before being offered an

2    employment opportunity. The amount of skill required is more akin to an

3    employment position than that of a typical independent contractor. Defendants do

4    not require prior experience as an entertainer or any formal dance training as a

5    job condition or prerequisite to employment. Defendants do not require the

6    submission of an application or a resume as part of the hiring process. In fact,

7    Plaintiffs have little or no formal dance training and experience before

8    auditioning to dance at Angel's Cabaret.

9        54.    Defendants failed to maintain records of wages, fines, fees, tips and

10    gratuities and/or service charges paid or received by dancers/entertainers.

11        55.    Plaintiffs were not paid an hourly minimum wage or *any* hourly

12    wage or salary despite being present at Defendants' facility and required to work

13    and entertain its customers at any time during an eight-plus (8+) hour work shift.

14        56.    Plaintiffs were not paid overtime wages at one-and-a-half (1½) times

15    the regular minimum wage rate for *any* hours worked despite being present at

16    Defendants' facility and required to work and entertain its customers for longer

17    than eight (8) hours per shift.

18        57.    Plaintiffs were not paid an hourly minimum wage for the typical half

19    (1/2) hour of time expended prior to each shift to get ready for work, including

20    applying makeup and hair, and to comply with Defendants' dress and appearance

21    standards.

22        58.    Plaintiffs were not paid an hourly minimum wage for the time they

23    were required to wait at Angel's Cabaret until the premises and the parking lot

24    were cleared of customers.

25        59.    The FLSA Collective Members had the same pay structure and were

26    under the same controls as Plaintiffs.

27        60.    Plaintiffs and FLSA Collective Members would work over forty

28    (40) hours in some weeks each worked for Defendants.

61.    Defendants have never paid Plaintiffs and FLSA Collective Members any amount as wages whatsoever, and have instead unlawfully required Plaintiffs and FLSA Collective Members to pay them for the privilege of working.

62.    The only source of monies received by Plaintiffs (and the collective they seek to represent) relative to their employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiffs and the FLSA Collective Members were required to pay to Defendants.

63.    Although Plaintiffs and FLSA Collective Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half (1½) rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

64.    Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

65.    Plaintiffs and the FLSA Collective Members who worked at Angel's Cabaret performed precisely the same job duties—dancing and entertaining at Angel's Cabaret.

66.    Plaintiffs and the FLSA Collective Members who worked at Angel's Cabaret during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

67.    Plaintiffs and the FLSA Collective Members at Angel's Cabaret

were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

68.    Plaintiffs and the FLSA Collective Members at Angel's Cabaret during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

69.    Plaintiffs and the FLSA Collective Members at Angel's Cabaret, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

70.    As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainty that numerous other current and former dancers and entertainers who worked at Angel's Cabaret during the applicable limitations period would elect to participate in this action if provided notice of same.

71.    Upon information and belief, more than one hundred (100) dancers and entertainers have worked at Angel's Cabaret during the three (3) to five (5) years prior to the filing of this action.

72.    Plaintiffs are "similarly situated" to the 29 U.S.C. § 216(b) class of persons they seek to represent, and will adequately represent the interests of the class.

73.    Plaintiffs have hired counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the collective.

74.    Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiffs or any other dancer/entertainer and failed to maintain and furnish wage statements to Plaintiffs.

75.    Federal law mandates that an employer is required to keep for three

(3) years all payroll records and other records containing, among other things, the following information:

    a.    The time of day and day of week on which the employees' work week begins;

    b.    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

    c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e.    The hours worked each workday and total hours worked each workweek;

    f.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g.    The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i.    The dates, amounts, and nature of the items which make up the total additions and deductions;

    j.    The total wages paid each pay period; and

    k.    The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

    76.    Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and the FLSA Collective Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the FLSA Collective Members can meet their burden under the

FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiffs seek to put Defendants on notice that they intend to rely on *Anderson* to provide the extent of their unpaid work.

### B.    INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT

77.    In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

78.    Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

79.    Dragoslav Djurkickovic is individually liable for failing to pay Plaintiff her wages.

80.    Christina Djurkickovic is individually liable for failing to pay Plaintiff her wages.

81.    DOE MANAGERS 1 to 3 and DOES 4 through 10 are individually

liable for failing to pay Plaintiff her wages. The actual identities of DOE
MANAGERS 1 to 3 and DOES 4 through 10 are unknown at this time.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206
(By Plaintiff Individually and for the Collective Against All Defendants)**

82.    Plaintiff hereby incorporates by reference and re-alleges paragraphs
1-81 as though fully set forth herein.

83.    Defendants are engaged in "commerce" and/or in the production of
"goods" for "commerce" as those terms are defined in the FLSA.

84.    Defendants operate an enterprise engaged in commerce within the
meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged
in commerce, and because its annual gross volume of sales made is more than
five hundred thousand U.S. Dollars ($500,000).

85.    Defendants failed to pay Plaintiff the minimum wage in violation of
29 U.S.C. § 206.

86.    Based upon the conduct alleged herein, Defendants knowingly,
intentionally and willfully violated the FLSA by not paying Plaintiff the
minimum wage under the FLSA.

87.    Throughout the relevant period of this lawsuit, there is no evidence
that Defendants' conduct that gave rise to this action was in good faith and based
on reasonable grounds. In fact, Defendants continued to violate the FLSA long
after they learned that her misclassification scheme and compensation policies
were illegal.

88.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover
from Defendants, minimum wage compensation and an equal amount in the form
of liquidated damages, as well as reasonable attorneys' fees and costs of the
action, including interest, pursuant to 29 U.S.C. § 216(b).

1

### SECOND CAUSE OF ACTION

2

**UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

3

**(By Plaintiff Individually and for the Collective Against All Defendants)**

4       89.    Plaintiff hereby incorporates by reference and re-alleges paragraphs

5  1-81 as though fully set forth herein.

6       90.    Plaintiff customarily and regularly received more than thirty U.S.

7  Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in

8  the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

9       91.    At all relevant times, each Defendant is an "employer" or joint

10  employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

11       92.    Defendants are engaged in "commerce" and/or in the production of

12  "goods" for "commerce" as those terms are defined in the FLSA.

13       93.    Defendants operate an enterprise engaged in commerce within the

14  meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged

15  in commerce, and because its annual gross volume of sales made is more than five

16  hundred thousand U.S. Dollars ($500,000).

17       94.    Under TIPA:

18

19

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

20

21  29 U.S.C. § 203.

22       95.    Defendants kept a portion of tips paid to Plaintiff by Defendants'

23  customers in the form of fees, fines, mandatory charges and other payments to

24  management, house moms, disc jockeys, and floor men in violation of TIPA.

25       96.    Defendants required Plaintiff to participate in an illegal tip pool,

26  which included employees who do not customarily and regularly receive tips, and

27  do not have more than a *de minimis*, if any, interaction with customers leaving the

28  tips (such as the Club DJs, security, and management).

97.    The contribution the Defendants required Plaintiff to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiff or other dancers; but rather, was imposed upon Plaintiff and other dancers.

98.    By requiring Plaintiff to pool her tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

99.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

100.    At the time of her illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which they were entitled.

101.    Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

102.    Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and door men in violation of TIPA.

103.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquidated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

///

///

///

///

### THIRD CAUSE OF ACTION

#### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

**(By Plaintiff Individually and for the Collective Against All Defendants)**

104.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

105.   Defendants required Plaintiff to pay monetary fees to Defendants and other Angel's Cabaret employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

106.   Defendants' requirement that Plaintiff pay fees to Defendants and other Angel's Cabaret employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

107.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

108.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff is classified as illegal kickbacks.

109.   Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Angel's Cabaret, involving but not limited to house fees.

### FOURTH CAUSE OF ACTION

#### FORCED TIPPING, 29 C.F.R. § 531.35

**(By Plaintiff Individually and for the Collective Against All Defendants)**

110.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

111.   Defendants required Plaintiff to pay monetary fees to other Angel's Cabaret employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

112.  Defendants' requirement that Plaintiff pay fees to other Angel's Cabaret employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

113.  Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

114.  Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiffs to pay other employees in order to work at Angel's Cabaret, involving but not limited to forced tip sharing.

### FIFTH CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE UNDER CAL. *LAB. CODE* §§ 1194 & 1197**

**(Against All Defendants)**

115.  Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

116.  Plaintiff alleges, on the basis of information and belief, that Defendants, from the time the applicable statute of limitations begins to the present time, have engaged in the regular practice of requiring or permitting Plaintiff to work without paying them the legal minimum wage at all times.

117.  Section 2(K) of IWC Wage Order 5 and section 5(H) of IWC Wage Order 10 define "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employer must pay its employees for all "hours worked."

118.  Defendants did not pay wages for *any* of the time that they controlled Plaintiff and/or permitted them to work.

119.  Plaintiff is not exempt from the minimum wage requirements under California law.

120.  Defendants failed to accurately pay Plaintiff the required legal

minimum wage and compensation for all hours worked, in violation of Cal. *Lab. Code* §§ 204, 210, 216, 558, 1194, 1194.12, 1197 and applicable IWC Wage Order(s).

121.    Defendants, and each of them, individually or by and through her respective officers, directors and managing agents, ordered, authorized, approved or ratified the conduct herein alleged with the intent to deprive Plaintiff compensation and benefits to which they are, and were, entitled under California law, so as to increase Defendants' profits at the expense of the health and welfare of her employees, contrary to public policy and clear statutory obligations.

122.    As a result of the actions of Defendants in failing and refusing to pay the minimum wages required by law, Plaintiff was damaged by not receiving compensation which they should have received, but did not receive. Plaintiff is therefore entitled to compensation in an amount to be proven for unpaid wages, pre-judgment interest, penalties, attorneys' fees and costs pursuant to Cal. *Lab. Code* § 1194 and other applicable statutes.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

### CAL. *LAB. CODE* §§ 510, 1194, & 1197

### (Against All Defendants)

123.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

124.    At all relevant times, Plaintiff has been non-exempt employee of Defendants and are entitled to the full protections of the California *Labor Code* and of the applicable IWC Wage Order(s).

125.    Cal. *Lab. Code* § 1198 makes it unlawful for an employer to employ any person under conditions of employment that violate the Wage Order.

126.    Section 2(K) of IWC Wage Order 5 and section 2(H) of IWC Wage Order 10 define "hours worked" as "the time during which an employee is subject

to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so." An employer must pay its employees for all "hours worked."

127.   Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Orders, require employers to pay overtime wages to her non-exempt employees at no less than one and one-half (1 ½) times her regular rates of pay for all hours worked in excess of eight (8) hours in one workday, all hours worked in excess of forty (40) hours in one workweek, and for the first eight (8) hours worked on a seventh consecutive workday.

128.   Cal. *Lab. Code* §§ 510 and 1194, and Section 3 of the Wage Orders, also require employers to pay overtime wages to her non-exempt employees at no less than two (2) times her regular rates of pay for all hours worked in excess of twelve (12) hours in one workday, and for all hours worked in excess of eight (8) hours on a seventh consecutive workday.

129.   At relevant times during her employment, Defendants failed to pay Plaintiff overtime wages for overtime hours worked.

130.   Pursuant to Cal. *Lab. Code* § 1194, Plaintiff seeks recovery of all unpaid overtime wages, interest thereon, costs of suit, and reasonable attorneys' fees, all in amounts subject to proof.

## SEVENTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS, CAL. *LAB. CODE* §§ 226, *ET. SEQ.*

### (Against All Defendants)

131.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

132.   Cal. *Lab Code* § 226(a) mandates that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the

employee's wages, or separately when wages are paid by personal check or cash, an **accurate** itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment." (Emphasis added.)

133.   Pursuant to Cal. *Lab. Code* § 226(e)(2)(B), "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items" identified above.

134.   As alleged in Plaintiff's causes of action, Defendants, and each of them, regularly failed to compensate Plaintiff for all of her overtime hours worked, as well as for her missed meal and rest breaks.

135.   Furthermore, Defendants did not regularly furnished wage statements

1  that identified the inclusive dates for that wage statement, in violation of Cal. *Lab.*

2  *Code* §§ 226, *et seq.*

3      136.   Pursuant to Cal. *Lab. Code* § 226, Plaintiff seek damages, costs of

4  suit, and reasonable attorneys' fees in an amount to be proven.

5  ### EIGHTH CAUSE OF ACTION

6  **WAITING TIME PENALTIES, CAL. *LAB. CODE* §§ 201-203**

7  **(Against All Defendants)**

8      137.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

9  1-81 as though fully set forth herein.

10     138.   At all times relevant herein, Defendants were required to pay their

11  employees all wages owed in a timely fashion during and at the end of her

12  employment, pursuant to Cal. *Lab. Code* §§ 201–203.

13     139.   As a pattern and practice, Defendants regularly failed to pay Plaintiff

14  her final wages pursuant to Cal. *Lab. Code* §§ 201–203, and accordingly owe

15  waiting time penalties pursuant to Cal. *Lab. Code* § 203.

16     140.   The conduct of Defendants and her agents and managerial employees

17  as described herein was willful, and in violation of the rights of Plaintiff.

18     141.   Plaintiff is informed and believes, and on that basis alleges, that

19  Defendants' willful failure to pay wages due and owed to them upon separation

20  from employment results in a continued payment of wages up to thirty (30) days

21  from the time the wages were due. Therefore, Plaintiff is entitled to compensation

22  pursuant to Cal. *Lab. Code* § 203.

23  ### NINTH CAUSE OF ACTION

24  **FAILURE TO INDEMNIFY BUSINESS EXPENSES IN VIOLATION OF**

25  **CAL. *LAB. CODE* § 2802**

26  **(Against All Defendants)**

27     142.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

28  1-81 as though fully set forth herein.

143.   Cal. *Lab. Code* § 2802 requires employers, including Defendants, to indemnify employees for all necessary expenditures incurred by the employee in performing her job.

144.   As alleged herein, Defendants required Plaintiff, as a condition of her employment, pay a daily "house fee" and/or "stage fee" of approximately fifty dollars ($50) in order to fulfill Plaintiff's job duties.

145.   As alleged herein, Defendants required Plaintiffs, as a condition of her employment, pay "late fees" and "leave early fees" and any balances from previous shifts in order to fulfill Plaintiff's job duties.

146.   Such expenditures by Plaintiff are incurred in direct consequence of the discharge of Plaintiff's job duties.

147.   As a direct and proximate result of Defendants' failure to reimburse Plaintiff for these necessary expenditures, Plaintiff have been injured in an amount to be proved.

148.   Plaintiff is, therefore, entitled to recover reimbursement for these necessary expenditures, and also to recover costs, interest, and attorneys' fees as provided by California law.

## **TENTH CAUSE OF ACTION**

**COMPULSION AND COERCION TO PATRONIZE EMPLOYER AND/OR OTHER PERSONS IN VIOLATION OF CAL. *LAB. CODE* §450**

**(Against All Defendants)**

149.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

150.   Cal. *Lab. Code* § 450 provides that no employer "may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of anything of value."

151.   As alleged herein, Defendants required Plaintiff to purchase various fees such as the "house fee," the "late fee," and the "leave early fee" from

1  Defendants and/or other specific persons.

2  152.   As a direct and proximate result of Defendants' requirement that

3  Plaintiff purchase anything of value, including the "house fee," "stage fee," the

4  "late fee," and the "leave early fee" from Defendants and/or other specific

5  persons, Plaintiff has been injured in an amount to be proved.

6  153.   By requiring Plaintiff to purchase said fees to do her job, Defendants

7  compelled and coerced Plaintiff to patronize Defendants' business.

8  154.   Plaintiff is, therefore, entitled to recover damages, and also to

9  recover costs, interest, and attorney's fees as provided by California law.

10  ### **ELEVENTH CAUSE OF ACTION**

11  **TIP MISAPPROPRIATION IN VIOLATION OF CAL. *LAB. CODE* §§ 350, *ET SEQ.***

12  **(Against All Defendants)**

13  155.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

14  1-81 as though fully set forth herein.

15  156.   Cal. *Lab. Code* § 351 makes it illegal for an employer to collect tips

16  paid or left for the employee and mandates that such tips are the employees'

17  property. Moreover, Cal. *Lab. Code* § 350(2) provides as follows: Gratuity

18  includes any tip, gratuity, money or part thereof that has been paid or given to or

19  left for an employee by a patron of a business over and above the actual amount

20  due the business for service rendered or for goods, food, drink or articles or

21  served to the patron. **Any amounts paid directly by a patron to a dancer**

22  **employed by an employer subject to Industrial Welfare Commission Order**

23  **No. 5 or 10 shall be deemed a gratuity**.

24  157.   Plaintiff is entitled to the amounts paid by the patron at Angel's

25  Cabaret that was taken/withheld by Defendants.

26  158.   Plaintiff is, therefore, entitled to recover damages, and also to

27  recover costs, interest, and attorneys' fees as provided by California law.

28  ///

## **TWELFTH CAUSE OF ACTION**

### **UNFAIR COMPETITION IN VIOLATION OF**

### **CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.***

### **(Against All Defendants)**

159.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

160.   Cal. *Bus. & Prof. Code* § 17200 defines "unfair competition" to include any unlawful business practice.

161.   Cal. *Bus. & Prof. Code* §17204 allows a person who has lost money or property as a result of unfair competition to bring an action for restitution of money or property acquired from him or her by means of unfair competition.

162.   The FLSA prohibits employers to divert any part of an employee's wages and overtime wages, including tips and gratuity, to itself.

163.   In violation of these requirements, as set forth above, Defendants violated 29 U.S.C. § 203 by forcing Plaintiff to participate in an invalid tip-pool with employees who typically do not receive tips. Additionally, Defendants forced Plaintiffs to use portions of her tip wages to pay Defendant managers as well as "house fees" and other fees and fines.

164.   In violation of these requirements, as set forth above, Defendants violated 29 U.S.C. § 206 and 29 U.S.C. § 207 by failing to pay Plaintiff minimum wages and overtime wages, charged her illegal house fees, took payments to her from clients and forced her to subsidize the other employees.

165.   As a result of Defendants' above-alleged unlawful business practices, Plaintiff have lost monies and property by means of unfair competition.

166.   In violation of these requirements, as set forth above, Defendants compelled Plaintiff to patronize Angel's Cabaret.

167.   In violation of these requirements, as set forth above, Defendants failed to pay Plaintiff overtime wages for hours that she worked.

168.    In violation of these requirements, as set forth above, Defendants failed to pay Plaintiff minimum wages for the hours that she worked.

169.    In violation of these requirements, as set forth above, Defendants failed to indemnify business expenses to Plaintiffs.

170.    As a result of Defendants' above-alleged unlawful business practices, Plaintiff has lost monies and property by means of unfair competition.

171.    Pursuant to Cal. *Bus. & Prof. Code* § 17204, Plaintiff seek an order of restitution for all monies and property that Defendants have acquired from them by means of unfair competition from the forced tip pooling.

172.    Plaintiff is seeking minimum wages, overtime wages, forced tips, house fees, and stolen tips and other restitutionary relief under this equitable cause of action for the four years prior to filing this lawsuit.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For compensatory damages according to proof of at least $100,000 for Plaintiff;

2. For special damages according to proof;

3. For restitution of unpaid monies;

4. For attorneys' fees;

5. For costs of suit incurred herein;

6. For statutory penalties;

7. For civil penalties;

8. For pre-judgment interest;

9. For post-judgement interest;

10. For general damages in an amount to be proven; and

11. For such other and further relief as the tribunal may deem just and proper.

Dated: October 18, 2021                    **KRISTENSEN LLP**

                                       */s/ John P. Kristensen*
                                       John P. Kristensen
                                       Jesenia A. Martinez
                                       Alejandro Marin

                                       ***Attorneys for Plaintiff***

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: October 18, 2021

**KRISTENSEN LLP**

*/s/ John P. Kristensen*

John P. Kristensen
Jesenia A. Martinez
Alejandro Marin

***Attorneys for Plaintiff***