John P. Kristensen (SBN 224132)
Justice D. Turner (SBN 336579)
Gabriel Minsal (SBN 347600)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Boulevard
Beverly Hills, California 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
*kristensen@cz.law*
*jturner@cz.law*
*gminsal@cz.law*
*kristensenteam@cz.law*

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BIANCA GOROSPE, an individual; ROSA OROZCO, an individual; JANELA RACHERDS, an individual; MARYANNA RAMOS, an individual; COURTNEY SANTIAGO, an individual; AMECIA TAYLOR, an individual; and KAYLAN WILLIAMS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> ENTERTAINMENT, LLC dba ANGEL'S CABARET, a California limited liability company; CHRISTINA WEBB, an individual; DOE MANAGERS 1- 3; and DOES 4-10, inclusive, | Case No.: 5:21-cv-01755-JGB-SHK <br><br> **COLLECTIVE ACTION** <br><br> **PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS ENTERTAINMENT, LLC DBA ANGEL'S CABARET, AND CHRISTINA WEBB SHOULD NOT BE HELD IN CONTEMPT AND ORDERED TO PAY SANCTIONS FOR THEIR FAILURE TO PRODUCE DANCER INFORMATION FOR ISSUANCE OF NOTICE AND COMPLIANCE WITH THE COURT'S JANUARY 5, 2023, COURT ORDER [DKT. 97]** |

**PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN ORDER TO SHOW CAUSE AS TO DEFENDANTS NONCOMPLIANCE WITH THE COURT'S JANUARY 5, 2023, COURT ORDER [DKT. 97]**

– 1 –

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7-19, *et seq.*, the Standing Order of this Court, Fed. R. Civ. P. 83, and the inherent power of the Court to manage progress of this case, plaintiffs Bianca Gorospe ("Gorospe"), Rosa Orozco ("Orozco"), Janela Racherds ("Racherds"), Maryanna Ramos ("Ramos"), Courtney Santiago ("Santiago"), Amecia Taylor ("Taylor"), and Kaylan Williams ("Williams") (collectively "Plaintiffs") hereby apply to the Court ex parte for an order setting an Order to Show Cause as to why defendants Entertainment, LLC dba Angel's Cabaret ("Angel's Cabaret"), and Christina Webb ("Webb") (collectively "Defendants") should not be held in civil contempt and ordered to pay sanctions for their failure to produce dancer information for issuance of notice and full compliance with the Court's January 5, 2023 Court Order [Dkt. 97], which granted Plaintiffs' Renewed Motion for Conditional Certification and Issuance of Notice Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) [Dkt. 89].

Plaintiffs provided notice of this *ex parte* application on Monday, January 16, 2023 and again on Thursday, January 19, 2023. See Declaration of John P. Kristensen ("Kristensen Decl.") ¶¶ 2 and 3, Exhibits ("Ex.") 1 and 2. Counsel also meet and conferred multiple times seeking the list of the dancers, and compliance with points five (5) and six (6) of the Court's January 5, 2023 Order requiring defendants to post the notice on their website and social media platforms, as well as laminated boards in Angel's Cabaret. Defendants Oppose this *Ex Parte Application*.

The name, address, and telephone numbers of all counsel for Defendants are as follows:

Robert A. Orozco

Phillip A. Toomey

**LEECH TISHMAN FUSCALDO AND LAMPL, INC.**

2041 Rosecrans Avenue, Suite 300

El Segundo, California 90245

*rorozco@leechtishman.org*

*ptoomey@leechtishman.org*

This *Ex Parte* Application is based upon this notice and application; the Memorandum of Points and Authorities, the Declaration of John P. Kristensen and exhibits attached thereto, the Proposed Order lodged concurrently herewith, the pleadings and records, and papers on file in this action, and such further evidence and argument as the Court may allow.

Respectfully submitted,

Dated:  January 27, 2023                               **CARPENTER & ZUCKERMAN**

/s/ *John P. Kristensen*
John P. Kristensen
Justice D. Turner
Gabriel Minsal
***Attorneys for Plaintiffs***

---

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Bianca Gorospe ("Gorospe"), Rosa Orozco ("Orozco"), Janela Racherds ("Racherds"), Maryanna Ramos ("Ramos"), Courtney Santiago ("Santiago"), Amecia Taylor ("Taylor"), and Kaylan Williams ("Williams") (collectively "Plaintiffs") worked as exotic dancers at Angel's Cabaret, an adult entertainment venue in Anaheim, California. The club is owned and operated by defendants Entertainment, LLC dba Angel's Cabaret ("Angels") and Christina Webb ("Webb") (collectively "Defendants").

On November 30, 2022, Plaintiffs filed Plaintiffs' Renewed Motion for Conditional Certification and Issuance of Notice Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) [Dkt. 89] ("Plaintiffs' Motion"). On January 4, 2023, Defendants filed an opposition. *See* Dkt. 94. The same day, Defendants filed evidentiary objections to the declaration of Bianca Gorospe (Dkt. No. 94) and the Declaration of Rosa Orozco (Dkt. 95).

On January 5, 2023, this Court granted Plaintiffs' Motion. *See* Dkt. 97. Therein, Defendants were order to, among other directives, to provide Plaintiffs with (2) ***a list*** of the dancers who worked at Defendants' gentlemen's club, Angel's Cabaret, in the past three years, including their names, last-known addresses, telephone numbers, email addresses, work locations, copies of their driver's licenses, and dates they have worked at Angel's Cabaret to Plaintiffs' and their counsel ***within ten (10) days*** of the issuance ordered by this Court's Order [Dkt. 97]; (5) to post the notice, conspicuously, on their website, Instagram account, and Facebook page the notice and consent forms at least once during the Notice period; (6) to post the notice and consent forms in conspicuous colors on a laminated board at least three by five feet in the dressing room(s) at Angel's Cabaret and the public entrance for the majority of the dancers, as well as in the dressing rooms within ten (10) days of the issuance ordered by this Court's Order

[Dkt. 97].

The Statute of Limitations is running. Defendants have had twenty-two (22) days to gather the information to comply with the Court's Order or seek relief from the U.S. Court of Appeals for the Ninth Circuit from January 5, 2023, when the Court issued their Court Order [Dkt. 97]. Defendants produced only scraps to Plaintiffs during that period, did not fully comply with the Order, and sought no relief, emergency or otherwise, from the Court of Appeals.

To date, Defendants have failed to fully comply with this Court's Order [Dkt. 97] and produce a complete list with dancer information for issuance of notice in accordance with 29 U.S.C. § 216 (b). Defendants' noncompliance has caused, and continues to cause, undue prejudice to potential collective members who remain unaware of the present action, the tolling of the statute of limitations that may potentially affect their claims, and their rights under the FLSA. Defendants seek to obtain via their delay the passage of potential collective members' statute of limitations rather than face their liability on the merits. This discovery and litigation of this case has been continuously delayed by Defendants and they cannot delay this matter further.

## II.   GOOD CAUSE EXISTS TO GRANT PLAINTIFFS' REQUESTED RELIEF

"Opportunities for legitimate *ex parte* applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Only rare circumstances will justify its use given the extraordinary nature of the procedure. As such, *ex parte* relief is only justified when: (1) irreparable and immediate injury will result; (2) notice to the other party might result in loss of evidence; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion. *Id.* The party seeking *ex parte* relief must demonstrate that it was "without fault" in creating the circumstances leading to the application, or the crises was the "result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

"If a person disobeys a specific and definite court order, he may properly be adjudged in contempt." *In Re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361m 1365 (9th Cir. 1987). Civil contempt is appropriate when a party fails to comply with a specific and definite court order. *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). Failure to comply consists of not taking "all the reasonable steps within [one's] power to insurance compliance with the order." *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976), *cert. denied*, 430 U.S. 931 (1977). The intent of the disobedient party is irrelevant, and "the contempt need not be willful." *In Re Crystal Palace Gambling Hall*, 817 F.2d at 1365.

"A civil contempt sanction may serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate a party for losses suffered as a result of the contemnor's act." *Consumer Electronics Ass'n v. Compras and Buys Magazine, Inc.*, No. 08-21085-CV-UNGARO/EDMONTON, 2009 WL 10667730, at *6 (S.D. Fla. June 10, 2009) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-765 (1980)). "Thus, appropriate sanctions for civil contempt may include: a coercive fine; a compensatory fine; attorney's fees and costs; and coercive incarceration." *Id.*

Good cause exists to grant this *ex parte* application because (1) irreparable and immediate injury will result if relief is not granted on an *ex parte* basis as potential collective members claims are not tolled during the pendency of this matter and a true concern regarding the passing of the statute of limitations exists given Defendants' noncompliance with this Court's January 5, 2023, Order [Dkt. 97] will preclude hundreds of potential collective members from receiving the Court-ordered Notice; (2) Defendants have demonstrated their absolute refusal to produce any dancer information in compliance with this Court's January 5, 2023, Order [Dkt. 97] and a duly-noticed motion would further cause undue prejudice to the collective; and (3) Plaintiffs seek an order to show cause as to why Defendants

should not be held in civil contempt for their failure to comply with the Court's January 5, 2023, Order [Dkt. 97] and pay sanctions for every day they continue to withhold information needed to issue notice, or in the alternative, and order compelling Defendants to produce dancer information in compliance with the Court's January 5, 2023, Order [Dkt. 97].

Plaintiffs are without fault in Defendants' noncompliance with the Court's January 5, 2023 Order [Dkt. 97] and failure to produce documents, the documents and information are entirely within the possession, control, and custody of Defendants. At no point during the fourteen (14) days from the date the Court issued its Order to today have Defendants sought any relief from the Court.

Congress passed the FLSA with "a remedial and humanitarian…purpose." *Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) (citing *Tenn. Coal, Iron & Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)); Brennan v. Wilson Bldg., Inc., 478 F.2d 1090, 1094 (5th Cir. 1973). In enacting the FLSA, Congress sought to achieve three core objectives: "to spread work in order to reduce unemployment, to discourage (by increasing the cost to the employer) a degree of overtime that might impair workers' health or safety, and to increase the welfare of low-paid workers." *Yi v. Sterling Collision Ctrs*., 480 F.3d 505, 510 (7th Cir. 2007); *see also* 29 U.S.C. § 202(a).

Three important features define FLSA collective actions. First, in order to participate in a collective action, an employee must "opt in," meaning he or she must consent in writing to join the suit and that consent must be filed with the court. *Misra v. Decision One Mortg. Co.*, 673 F.Supp.2d 987, 992 (C.D. Cal. 2008). Second, the statute of limitations runs on each employee's claim until his or her consent is filed. *See* 29 U.S.C. § 256(b); *Johnson v. Serenity Transportation*, No. 15-cv-02004-JSC, 2016 WL 1569984, at *4 (N.D. Cal. Apr. 19, 2016). Third, to serve the FLSA's "broad remedial purpose," district courts have the discretionary power to order notice to other employees to inform them of

their right to join the case. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 173 (1989).

The statute of limitations for collective members continues to run, which is why conditional certification is sought early on in FLSA cases. Defendants' actions are precluding potential collective members from exercising their rights and holding Defendants liable. Defendants are the foxes in front of the henhouse and are refusing to effectuate the remedial and "humanitarian" intent of the FLSA. Furthermore, there is no stay in this matter case and Defendants have no other legitimate avenue through which to deliberately disobey this Court's orders to produce the dancer contact information.

**Defendants Were Ordered to Provide a List with Specific Information By January 15, 2023**

This Court's January 5, 2023 Order was clear and succinct:

"Defendants Entertainment, LLC. dba Angel's Cabaret, and Christina Webb (collectively, "Defendants") are ordered **to produce a list of the dancers to Plaintiffs' Counsel**, **within ten days of this Order**, who have worked at Defendants' gentlemen's club ("Angel's Cabaret") in the past three years, including their names and last known mailing addresses, telephone numbers, email addresses, work locations, copies of driver's licenses and dates they have worked at Angel's Cabaret"

*See* Dkt. No. 97, page 5 (emphasis added).

On January 16, 2022, Plaintiffs' counsel, John P. Kristensen, served an electronic correspondence on Defendants' counsel, informing them that "if we do not receive the information today, we will seek relief from the Court pursuant to Local Rule 7-19. *See* Kristensen Decl. ¶ 3, Ex. 2. Defendants' counsel, Robert Orozco, did not respond to this email correspondence on January 19, 2023 and indicated Defendants did not have to produce a specific list to Plaintiffs. Defendant suggested Plaintiff gather and decipher information available at Defendants' counsel's office. *See* Kristensen Decl. ¶ 5, Ex. 4. The correspondence

1  from Mr. Orozco was silent as to the failure to post the notice on the website,
2  social media and inside the club.  Pursuant to the Court's January 5, 2023, Order
3  [Dkt. 97] Defendants were order to, among other directives, to provide Plaintiffs
4  with (a) a list of the dancers who worked at Defendants' gentlemen's club,
5  Angel's Cabaret, in the past three years, including their names, last-known
6  addresses, telephone numbers, email addresses, work locations, copies of their
7  driver's licenses, and dates they have worked at Angel's Cabaret to Plaintiffs' and
8  their counsel within ten (10) days of the issuance ordered by this Court's Order
9  [Dkt. 97]; (b) to post the notice and consent forms in conspicuous colors on a
10 laminated board at least three by five feet in the dressing room(s) at Angel's
11 Cabaret and the public entrance for the majority of the dancers, as well as in the
12 dressing rooms within ten (10) days of the issuance ordered by this Court's Order
13 [Dkt. 97]; and (c) to post the notice, conspicuously, on their website, Instagram
14 account, and Facebook page the notice and consent forms at least once during the
15 Notice period. *See* Dkt. 97.
16      On Wednesday, January 25, 2023 Mr. Orozco produced an incomplete list
17 of names of the dancers and various information. *See* Kristensen Decl. ¶ 6, Ex. 5.
18 This list was woefully incomplete as it did not contain phone numbers or
19 addresses for many of the dancers listed. *Id*. On Thursday, January 26, 2023, Mr.
20 Orozco finally sent a link with the driver's licenses of the dancers, however,
21 Defendants still have not provided complete lists, work locations, or dates they
22 worked at Angle's Cabaret. *Id*. Moreover, Mr. Orozco has not attempted to clarify
23 what steps, if any, Defendants have taken to comply with the Court's January 5,
24 2023, Order [Dkt. 97] regarding notice.
25      To date, Defendants have not produced evidence or indication that they
26 have complied with these posting requirements. Also, Mr. Orozco has not
27 provided any excuse for Defendants' failure to comply with the Court's January
28 5, 2023, Order [Dkt. 97]. As of now, Plaintiffs and their counsel are unaware of

when, if ever, Defendants intend to produce the proof of notice in compliance with the Court's January 5, 2023, Order [Dkt. 97].

      As a result, Plaintiffs therefore seek ex parte relief for and an order to show cause as to why Defendants should not be held in civil contempt and ordered to pay sanctions for their failure to produce complete dancer information for issuance of notice and compliance with the Court's January 5, 2023, Order [Dkt. 97]. Additionally, Plaintiffs request that the notice period be ninety (90) days from Plaintiffs' counsel receipt of the dancer information and issuance of notice.

## III. CONCLUSION

      For the reasons set forth above, Plaintiffs respectfully request the following: (1) this Court grant the relief requested by Plaintiffs and compel Defendants to produce the dancer information for issuance of notice and comply with this Court's January 5, 2023 [Dkt. 97] Order within 24 hours; (2) issue sanctions in the form of $10,000.00 for every day that Defendants fail to produce the dancer information; and (3) order defendant Christina Webb to appear before an evidentiary examination as to testify as to Defendants' refusal to comply with the Court's January 5, 2023, Order [Dkt. 97].

Dated:  January 27, 2023              **CARPENTER & ZUCKERMAN**

                                                      /s/ *John P. Kristensen*
                                                      John P. Kristensen
                                                      Justice D. Turner
                                                      Gabriel Minsal
                                                      ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I certify that on Friday, January 27, 2023 a true and correct copy of the attached **PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS ENTERTAINMENT, LLC dba ANGEL'S CABARET AND CHRISTINA WEBB SHOULD NOT BE HELD IN CONTEMPT AND ORDERED TO PAY SANCTIONS FOR THEIR FAILURE TO PRODUCE DANCER INFORMATION FOR ISSUANCE OF NOTICE AND COMPLIANCE WITH THE COURT'S JANUARY 5, 2023, ORDER [DKT.97]** was served via CM/ECF upon the following parties pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Robert A Orozco
Philip A Toomey
**LEECH TISHMAN FUSCALDO AND LAMPL INC.**
2041 Rosecrans Avenue Suite 300
El Segundo, CA 90245
Email: rorozco@leechtishman.com
Email: ptoomey@leechtishman.com

*Counsel for Defendants*

                                                                     */s/ John P. Kristensen*
                                                                      John P. Kristensen